# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FLOYD F. YOUNG,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0348**  (BOR Appeal No. 2046426)
(Claim No. 2009078148)

**ADVENTURE WEST VIRGINIA RESORT, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Floyd F. Young, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Adventure West Virginia Resort, LLC, by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 17, 2012, in which the Board affirmed a September 23, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 28, 2010, decision granting Mr. Young an 8% permanent partial disability award for his carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Young worked as a mechanic and repairman for Adventure West Virginia Resort. On January 22, 2009, Dr. Othman performed an electromyogram (EMG) and nerve conduction study (NCS) on Mr. Young, which revealed severe bilateral carpal tunnel syndrome. At the time, Dr. Othman believed that Mr. Young's condition may require surgery. The claims administrator held Mr. Young's claim compensable for bilateral carpal tunnel syndrome. Mr. Young subsequently underwent two carpal tunnel release surgeries. Following these surgeries, Dr. Mir found that Mr. Young had reached the maximum degree of medical improvement and found that Mr. Young had

1

8% whole person impairment under the peripheral nerve section of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). On September 28, 2010, the claims administrator granted Mr. Young an 8% permanent partial disability award for his carpal tunnel syndrome based on Dr. Mir's evaluation. Dr. Walker then performed an independent medical evaluation of Mr. Young. Dr. Walker found that Mr. Young had 12% whole person impairment from his carpal tunnel syndrome based on the American Medical Association's *Guides*. Dr. Guberman then performed an independent medical evaluation of Mr. Young. Dr. Guberman found that Mr. Young's loss of grip strength was indicative of submaximal effort. Dr. Guberman also attributed Mr. Young's range of motion abnormalities in his fingers, wrists, elbows, and shoulders to degenerative joint disease and not carpal tunnel syndrome. Based on the American Medical Association's *Guides*, Dr. Guberman found that Mr. Young has 4% impairment attributable to each upper extremity for 8% whole person impairment. On September 23, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on February 17, 2012, leading Mr. Young to appeal.

The Office of Judges concluded, based on a preponderance of the evidence, that Mr. Young has no more than 8% impairment for carpal tunnel syndrome and that the claims administrator's decision should be affirmed. The Office of Judges based its finding on the report of Dr. Guberman which it found was the most reliable assessment of Mr. Young's impairment. The Office of Judges pointed out that Dr. Mir and Dr. Guberman provided a consistent rating of Mr. Young's whole person impairment and also agreed that Mr. Young's grip strength measurements were invalid. The Office of Judges pointed out that Dr. Guberman had found Mr. Young's loss of grip strength was partly due to lack of maximal effort. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The Office of Judges was within its discretion in relying on Dr. Guberman's impairment rating and pointed to specific reasons for finding it persuasive. Dr. Guberman based his impairment rating on a thorough evaluation of Mr. Young's impairment under the American Medical Association's *Guides*. Dr. Guberman also sufficiently distinguished his evaluation from the impairment rating provided by Dr. Walker. Dr. Guberman's report is supported by the evaluation of Dr. Mir and is consistent with the record as a whole.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:    December 11, 2013**

2

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II